UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS MASON, et al., | |
| Plaintiffs, | CIVIL NO. 09-0220 (NLH) (JS) |
| v. | |
| THE COCA-COLA COMPANY, | OPINION |
| Defendant. | |

**APPEARANCES**:

JOHN W. OLIVO, JR.
JOHN F. WARD
MAUREEN V. ABBEY
MICHAEL J. ZINNA
WARD & OLIVO
382 SPRINGFIELD AVENUE
SUMMIT, NJ 07902

    On behalf of plaintiffs

SAMUEL S. WOODHOUSE
THE WOODHOUSE LAW FIRM
260 PEACHTREE STREET, NW, SUITE 1402
ATLANTA, GA 30303

JEFFERY S. CASHDAN (PRO HAC VICE)
ASHA C. JENNINGS (PRO HAC VICE)
KING & SPALDING LLP
1180 PEACHTREE STREET, NE
ATLANTA, GA 30309-3521

    On behalf of defendant

**HILLMAN**, District Judge

    This matter comes before the Court on defendant's motion to dismiss plaintiffs' Third Amended Complaint.  For the reasons expressed below, defendant's motion will be granted.

1

**BACKGROUND**

This is the second motion of defendant, The Coca-Cola Company, to dismiss the putative class action complaint of plaintiffs, Thomas Mason and Molly E. Adams, who had originally alleged counts for violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, et seq., negligent misrepresentation, intentional misrepresentation, and unjust enrichment against defendant.  Upon defendant's first motion to dismiss plaintiffs' complaint, this Court dismissed plaintiffs' unjust enrichment claim with prejudice and granted plaintiffs' request for leave to amend their other claims.

Following the Court's Order, plaintiffs filed their Third Amended Complaint, re-alleging claims for NJCFA violations, negligent misrepresentation, and intentional misrepresentation. These claims are all premised on plaintiffs' allegations that defendant "promoted, advertised and marketed" its product "Diet Coke Plus," using a misleading label that violated Federal Food & Drug Administration ("FDA") rules and regulations.  (Third Amended Complaint ¶ 11.)  Specifically, plaintiffs allege that they "were persuaded to purchase the product because the term 'Plus' and the language 'Diet Coke with Vitamins and Minerals' suggested to consumers that the product was healthy and contained nutritional value," when it did not. (Id. ¶¶ 18, 20.)  Defendant again has moved to dismiss plaintiffs' Third Amended Complaint

for their failure to state a viable claim.[1]

## DISCUSSION

**A.    Jurisdiction**

This Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2), (5), and (6), which provides such jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, exclusive of interest or costs, the proposed class includes at least 100 members, and any member of the alleged plaintiff class is a citizen of a State different from any defendant.

On its face, plaintiffs' complaint satisfies § 1332(d). Plaintiffs allege that the proposed class has more than 100 members.  Plaintiffs are citizens of the State of New Jersey. Defendant is a Delaware corporation with its principal place of business in Atlanta, Georgia.  The amount in controversy is in excess of $5,000,000.

**B.    Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded

---

[1] In its first motion to dismiss, defendant raised two additional grounds for dismissal: (1) the FDA's primary jurisdiction, and (2) express and implied preemption.  In the prior Opinion, the Court considered these arguments and rejected them.  Defendant has summarily reasserted these arguments in its renewed motion to dismiss, but it understands that the Court will not reconsider its previous decision.

allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 562 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.

2008) (stating that the "Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Further, claims alleging fraud or mistake must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), which requires such claims to be pled with "particularity." <u>See Naporano Iron & Metal Co. v. Am. Crane Corp.</u>, 79 F. Supp. 2d 494, 510 (D.N.J. 2000). A plaintiff must allege the "who, what, when, where, and how" of the claim. <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 224 (3d Cir. 2004). A plaintiff "may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" <u>Id.</u> (quoting

5

Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).  The Rule's heightened pleading requirements "give[] defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements."  Naporano Iron & Metal Co. v. American Crane Corp., 79 F. Supp. 2d 494, 511 (D.N.J. 2000).  In class action cases, each "individually named plaintiff must satisfy Rule 9(b) independently."  Pacholec v. Home Depot USA, Inc., 2006 U.S. Dist. LEXIS 68976, *4-5 (D.N.J. Sept. 25, 2006).

    **C.**    **New Jersey Consumer Fraud Act (NJCFA)**

Plaintiffs' first claim against defendant is its alleged violation of the New Jersey Consumer Fraud Act.  To state a claim under the NJCFA, a plaintiff must allege: "(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss."  Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007).  The NJCFA defines unlawful conduct broadly, as

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise.

N.J.S.A. 56:8-2.  In other words, "unlawful practices fall into one of three general categories: (1) affirmative acts; (2) knowing omissions; and (3) regulation violations[2]."  <u>Torres-Hernandez v. CVT Prepaid Solutions, Inc.</u>, No. 08-1057-FLW, 2008 U.S. Dist. LEXIS 105413, at *15 (D.N.J. Dec. 9. 2008); <u>see also</u> <u>Frederico</u>, 507 F.3d at 202.

With respect the unlawful conduct element of plaintiffs' NJCFA claim, it appears that plaintiffs claim that defendant committed affirmative acts of fraud and deception.  In their Third Amended Complaint, plaintiffs allege that defendant "boast[ed] on the label that the product contained certain attributes, such as 'plus' amount of vitamins and minerals, when such was not true," and that they were "persuaded to purchase the product because the term 'Plus' and the language 'Diet Coke with Vitamins and Minerals' suggested to consumers that the product was healthy and contained nutritional value," when it did not.  (Third Amended Complaint ¶ 18, 20, 40.)

In order for these claims to amount to a NJCFA violation for an affirmative act of deception or fraud, plaintiffs must show that defendant's statements on its product are false. <u>Mango v. Pierce-Coombs</u>, 851 A.2d 62, 69 (N.J. App. Div. 2004) (explaining

---

[2]The third category does not apply here, as only a violation of regulations enacted under N.J.S.A. 56:8-4 can serve as a basis for a claim of an unlawful practice under the NJCFA.  <u>See</u> <u>Cox v. Sear Roebuck & Co.</u>, 647 A.2d 454, 462 (N.J. 1994).

that under the NJCFA, an affirmative representation is "one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase"). Plaintiffs, however, cannot do so.

The FDA Warning Letter attached to the Third Amended Complaint as Exhibit A explains that the product's

> ingredient list includes the following added vitamins and minerals: magnesium sulfate (declared at 10% of the Daily Value (DV) for magnesium in the Nutrition Facts panel), zinc gluconate (declared at 10% of the DV for zinc), niacinamide (declared at 15% of the DV for niacin), pyridoxine hydrochloride (declared at 15% of the DV for vitamin B6), and cyanocobalamine (declared at 15% of the DV for vitamin B12).

This letter shows that it is not false that Diet Coke Plus contains vitamins and minerals, and plaintiffs have failed to allege with particularity what further expectations beyond these ingredients they had for the product or how it fell short of those expectations. Instead, plaintiffs simply make a broad assumption that defendant intended for Diet Coke Plus's vitamin and mineral content to deceive plaintiffs into thinking that the beverage was "healthy." Without more specificity as to how defendant made false or deceptive statements to plaintiffs regarding the healthiness or nutritional value of the soda, plaintiffs have failed to plead the "affirmative act" element with sufficient particularity to state a viable NJCFA claim.

With respect to the second element plaintiffs must prove to support their NJFCA claim, "[a] sufficiently [pled] ascertainable loss ... with enough specificity as to give the defendant notice of possible damages." Torres-Hernandez, 2008 U.S. Dist. LEXIS 105413, at *19. "The certainty implicit in the concept of an 'ascertainable' loss is that it is quantifiable or measurable." Thiedemann v. Mercedes-Benz USA, LLC, 872 A.2d 783, 792 (N.J. 2005). As to damages, plaintiffs allege that they "have suffered damages and ascertainable losses of moneys [sic] and/or property, by paying money for a product that never should have been marketed to consumers in a misleading manner." (Third Amended Complaint ¶ 40.) Plaintiffs also allege that they paid "money for a product that was of lesser value than what was represented." (Third Amended Complaint ¶ 40.) These claims are insufficient to state an ascertainable loss.

When plaintiffs purchased Diet Coke Plus, they received a beverage that contained the ingredients listed on its label. Plaintiffs have not explained how they experienced any out-of-pocket loss because of their purchases, or that the soda they bought was worth an amount of money less than the soda they consumed. At most, plaintiffs simply claim that their expectations of the soda were disappointed. Dissatisfaction with a product, however, is not a quantifiable loss that can be remedied under the NJCFA. See, e.g., Franulovic v. Coca-Cola

9

Company, Nos. 07-539 and 07-828 (RMB), 2007 WL 3166953, at *8-9 (D.N.J. Oct. 25, 2007), aff'd, 2010 WL 3155012 (3d Cir. Aug. 10, 2010) (finding that "conclusory statement that she and other consumers have suffered an 'ascertainable loss' is insufficient, and dismissing NJCFA claim where the plaintiff "actually received a beverage for her money, and [did] not allege how the purchase of that beverage constituted a specific loss"); Solo v. Bed Bath & Beyond, Inc., No. 06-1908 (SRC), 2007 WL 1237825, at *3 (D.N.J. Apr. 26, 2007) (granting motion to dismiss NJCFA claim where the plaintiff failed to allege that "the sheets he received were worth an amount of money less than the sheets he was promised, or that he experienced a measurable out-of-pocket loss because of his purchase").

Consequently, having failed to allege facts with sufficient particularity to state a claim with respect to two elements of a viable NJCFA claim, plaintiffs' NJCFA claim must be dismissed.[3]

### D.   Intentional and Negligent Misrepresentation

Plaintiffs have asserted claims for both negligent and

---

[3] Even though it appears that plaintiffs have sufficiently pleaded the third element of a NJCFA claim, see Franulovic, 2007 WL 3166953, at *10; Solo, 2007 WL 1237825, at *4 (finding allegations that a plaintiff would not have purchased a product had it been accurately labeled or that they purchased the product because of the misleading claim sufficient to plead causation), because plaintiffs have failed to properly plead the first two elements, plaintiffs' NJCFA claim still fails.

intentional misrepresentation against defendant.  In order to state a claim for negligent misrepresentation under New Jersey law, a plaintiff must allege: (1) an incorrect statement, (2) negligently made, (3) upon which plaintiff justifiably relied, and (4) resulted in economic loss or injury as a consequence of that reliance.  See H. Rosenblum, Inc. V. Adler, 461 A.2d 138, 142-43 (N.J. 1983).  In order to state a claim for intentional misrepresentation under New Jersey law, a plaintiff must allege: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by Defendant of its falsity; (3) an intention that the plaintiff rely upon the fact; (4) the plaintiff's reasonable reliance upon it; and (5) resulting damages.  See Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997).

Plaintiffs' misrepresentation claims fail because their allegations on these claims are substantively identical to their allegations to support their NJCFA claim.  In their Third Amended Complaint, plaintiffs claim that through Coke's promotional materials, they believed and relied upon, among other things, that the product was healthy, contained nutritional value, and was fortified with vitamins and/or minerals.  (Third Amended Complaint ¶ 37.)  Plaintiffs also claim that the FDA Warning Letter's discussion of the added vitamins and minerals in Diet Coke Plus demonstrates Coke's knowledge that the statements made

in its promotional materials were not accurate.

This Court need not look further at whether plaintiffs have pled facts that show incorrect statements that were justifiably relied upon because plaintiffs have not shown how they have suffered damages and ascertainable losses of money or property.[4] As discussed above, plaintiffs have not adequately pled facts showing how they experienced any out-of-pocket loss because of their purchases, or that the soda they bought was worth an amount of money less than the soda they were promised.  Without such allegations, plaintiffs have failed to plead this element with sufficient particularity to state a claim.  See H. Rosenblum, Inc., 461 A.2d at 142-43; Gennari, 691 A.2d at 367.  Accordingly, plaintiffs' misrepresentation claims must be dismissed.

---

[4] At its core, the complaint is an attempt to capitalize on an apparent and somewhat arcane violation of FDA food labeling regulations.  But not every regulatory violation amounts to an act of consumer fraud.  It is simply not plausible that consumers would be aware of FDA regulations regarding "nutrient content" and restrictions on the enhancement of snack foods.  The distinction is a fine but important one.  The complaint does not allege that consumers bought the product because they knew of and attributed something meaningful to the regulatory term "Plus" and therefore relied on it.  Rather, they allege merely that they thought they were buying a "healthy" product that happened to apparently run afoul of FDA regulations.  Even assuming that plaintiff had alleged and could prove that consumers who purchased Coke Plus attributed to that product the FDA-approved meaning of the term "Plus", they still must make out the other elements of a fraud claim.  In short, as doubtful as it is that plaintiffs could prove causation, they still fail to allege a cognizable and compensable harm.

**CONCLUSION**

Plaintiffs' Third Amended Complaint has not cured the deficiencies identified by the Court in its prior Opinion. Accordingly, defendant's motion to dismiss plaintiffs' Third Amended Complaint must be granted.  An appropriate Order will be entered.


Date: March 31, 2011                     s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.